**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                  Case No. 8:15-CR-334-T-24TGW

**DAVID GONZALEZ-TORRES**

_____/

**SENTENCING MEMORANDUM**

Mr. David Gonzalez-Torres, by and through undersigned counsel, respectfully files this sentencing memorandum requesting imposition of a 120-month sentence, which would be a downward variance from what the Defendant acknowledges is the Guidelines range correctly calculated by the Probation Office as 135–168 months. *See* Presentence Investigation Report (hereinafter "PSR") at ¶ 56 (Feb. 19, 2016). Grounds therefore are as follows:

The Probation Office noted that Mr. Gonzalez-Torres, a first-offender age 43, might warrant the Court's consideration for a downward variance. *See id.* at ¶ 69. This man, who cooperated with authorities from the time of his arrest, has lived a very hard life in abject poverty with *no* education, and without committing any prior crimes. He is statistically unlikely to recidivate, based primarily on age, and would greatly also benefit from educational and vocational training, as well as proper medical care.

## Memorandum of Law

**The Court has broad authority to fashion an appropriate sentence.**

Under 18 U.S.C. §3553(a)(1)–(7), as noted by the Probation Office, Mr. Gonzalez-Torres's personal characteristics, circumstances, and the other sentencing factors in combination, "may warrant a downward variance from the applicable guidelines." *Id.* at ¶ 89. A sentencing court may consider any factors or combination of factors that bear on its judgment of an appropriate sentence under 18 U.S.C. § 3553(a), to which judgment a reviewing court must afford "due deference." *United States v Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc). Under present sentencing authority, district courts have very broad authority to fashion appropriate sentences. *See id.* at 1212 ("*Kimbrough* allows a district court to vary from the guidelines based solely on its judgment that the policies behind the guidelines are wrong.") *Also see United States v. Spears*, 555 U.S. 261 (2009). "The guidelines are not only *mandatory* on sentencing courts, they are also not to be *presumed* reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009) (italics original).

**Proportionality and fairness are key goals of sentencing.**

Further, the newest model of sentencing, embodied in the United States Sentencing Guidelines, has "three main goals: (1) honesty, (2) fairness, and (3) proportionality . . . . To achieve proportionality, Congress replaced the theory that sentences should be imposed primarily to rehabilitate offenders with the theory that sentences should be no harsher than necessary to serve the four traditional purposes of sentencing." *Id.* at 1229–30. 18 U.S.C. § 3553(a) embodies the "parsimony principle,"

2

which requires a court to impose a sentence "sufficient but not greater than necessary" to comply with the purposes of sentencing set forth in Section 3553(a)(2).

**2015 amendments to USSG §3B1.2 provide guidance concerning sentencing of minimal/minor participants.**

The Application Note language for this section was amended to suggest more permissive employment of these downward adjustments, which involve assessment of the "totality of the circumstances . . . heavily dependent upon the facts of the particular case." USSG §2B1.2, comment. (n. 3(C)). Factors to be considered include:

    (i)    *the degree to which the defendant understood the scope and structure of the criminal activity.*

    (ii)    *the degree to which the defendant participated in planning or organizing the criminal activity.*

    (iii)    *the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority.*

    (iv)    *the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts:*

    (v)    *the degree to which the defendant stood to benefit from the criminal activity.*

*For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.*

*Id.* The owners and supervisors of this smuggling venture undoubtedly had decision-making authority and a proprietary interest in the illicit cargo, but Mr. Gonzalez-Torres did not. A ten-year prison sentence for a first-offender in such a role, meeting the statutory minimum mandatory intended for major drug traffickers, is more than sufficient to achieve the goals of sentencing.

**WHEREFORE,** Mr. David Gonzalez-Torres respectfully requests that this Honorable Court vary downward from the recommended Guidelines sentence of 135–168 months and impose a sentence of 120 months' imprisonment.

Respectfully Submitted,
*S/Christophir A. Kerr*
Christophir A. Kerr, Esq.
Florida Bar No. 72041
13801 Walsingham Rd., #A-154
Largo, FL 33774
(727) 492-2551 - telephone
(727) 593-9822 - facsimile
E-mail:  christophirkerr@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing has been furnished by Electronic Filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL  33602-3800 on this 23rd day of February, 2016.

*S/Christophir A. Kerr*
Christophir A. Kerr, Esq.
